# BOYD *v.* CHASE ET AL.

[No. 13,554.   Filed May 28, 1929.]

*James W. Fesler, Harvey J. Elam, Howard S. Young* and *Irving M. Fauvre,* for appellant.

*McMahon & Conroy* and *William R. Taylor,* for appellees.

REMY, J.—Appellant was a cement contractor, having in his employment a small number of cement workers, including August Chase. The work was done at locations called for by appellant's contracts, the place of work changing from time to time as contracts were completed. A day's work for employees began at 8 o'clock a. m. at the site of the job on which they were engaged; and it was the custom of the employees, including Chase, to assemble at appellant's home, and go from there to work. On the morning of October 15, 1927, Chase, who lived in the town of Hobart, started for appellant's home, in another part of the same town, to join others of the crew to go to work. On his way, he stopped at the intersection of Fourth and Main streets, and took out some of the forms which had been used in the construction of a sidewalk for which appellant had the contract. He had not been instructed to take them out, and it was not a part of his work. While Chase was there, a fellow employee by the name of Wood came along going to work in his own automobile, in which the two went to appellant's home. Wood was the only one of appellant's employees who used his own car to go to and from work. The others, when they had assembled at appellant's home, were usually taken to work by appellant in his truck, except that one or more sometimes rode with Wood in his car. Wood and all the employees might have gone in the truck had they chosen so to do. On this particular occasion, appellant stated that another hand was needed, and requested Wood to go

with his automobile by the home of a certain man and bring him along. In compliance with the request, Wood proceeded as directed, taking Chase who had voluntarily got in the automobile. Going to get the extra hand made it necessary to make a detour from the main road. Having completed the detour, and just as Wood was entering again upon the main road leading to the place of work, his car collided with another motor vehicle, and, as a result, Chase was killed. Other employees were taken to work that morning by appellant in his truck, in which he also took some cement and form lumber.

Appellee, widow of Chase, was awarded compensation, and this appeal followed.

The question for determination is: Under the facts stated above, which facts were established by the evidence and found by the Industrial Board, was the death of August Chase the result of an accident which arose out of and in the course of his employment?

It is a well-settled general rule that when an employee receives an accidental injury on his way to work before he reaches his employer's premises, or on his way from work after he has left such premises, the accident cannot be said to have arisen either out of or in the course of his employment. *Universal, etc., Cement Co.* v. *Spirakis* (1922), 79 Ind. App. 17, 137 N. E. 276. One of the exceptions to this general rule is in those cases where the employee is being transported to and from his work by his employer as a part of his contract of employment (*American, etc., Co.* v. *Crenshaw* [1922], 77 Ind. App. 644, 133 N. E. 394), and it is appellee's contention, and the Industrial Board found, that her case is within this exception. It is not claimed, however, that the evidence shows an express contract to transport appellee's husband to and from work; the contention is that the facts in evidence show that transportation of her husband to

his work on the morning of the fatal accident was in compliance with an implied provision of his contract of employment. It is argued that Chase was at appellant's home to start to the place of work in accordance with a custom; that because some cement and form boards were taken in the truck on that occasion, it will be inferred that there was an implied understanding between appellant and Chase that Chase was to go in the automobile with Wood, who, on that morning, was going on an errand for appellant.

An implied contract, like an express contract, grows out of the intentions of the parties, and there must be a meeting of the minds; it differs from an express ██ contract only in the method of proof. *Western Oil Refining Co.* v. *Underwood* (1925), 83 Ind. App. 488, 149 N. E. 85. Can it be said that in the case at bar Chase's contract of employment called for his transportation in Wood's car on the particular morning? Was there a meeting of the minds to that effect? The facts are not in controversy, and the question is one of law. Chase could have gone with the other employees in appellant's truck, but he voluntarily went with Wood. There is no evidence that there was no room for him in the truck, and no evidence that it was not the usual thing to take cement and other materials. There is not the slightest evidence that he took passage with Wood because of any agreement or understanding between him and his employer.

We hold that the evidence is insufficient to show an implied contract between Chase and appellant by the terms of which Chase was, at the time in question, ██ to be taken to work in the automobile operated by Wood.

Reversed.