### KLEIN v. NIEZER AND COMPANY ET AL.

[No. 13,500. Filed January 29, 1930. Rehearing denied June 13, 1930. Transfer denied December 17, 1930.]

44

*Henslee & McKown* and *H. W. Mountz*, for appellant.
*Eggeman, Reed & Cleland* and *James P. Murphy*, for appellees.

REMY, C. J.—Appellant was in possession, as lessee of the New York Central Railroad Company, of a certain coal yard, and, on September 21, 1921, sublet the same by written lease to appellee Niezer & Company for a period of three years, with right of renewal for two additional years. It was also provided, among other things, that, "at the expiration of this lease peaceable possession of the premises shall be given to said first party in as good condition as they now are." The lease to Niezer & Company, as originally executed, provided that lessee should have no right to sublet; but, on June 17, 1924, by separate written contract, the restriction against subletting was abrogated. All other provisions of the lease, including return of the property at expiration of the lease, remained unchanged. Thereafter, the right of renewal for the additional years was exercised, and on the same day Niezer & Company sublet the premises to appellee Frank E. Oddou for the remainder of the term covered by the company's lease. At the time of the subletting, Niezer & Company delivered to Oddou the written lease it then held, but there was no

written assignment of the lease, and no written contract between them. Oddou was to, and did, pay Niezer & Company the sum of $700, and was to pay a stipulated rental. The rent was paid to appellant by Niezer & Company until November, 1924, after which time, and until the expiration of the lease, September 21, 1926, the rent was paid by Oddou directly to appellant. Three months before the expiration of the lease, appellant notified Niezer & Company to deliver possession to him upon the expiration. When the lease expired, appellant made demand of Niezer & Company and Oddou for possession; but possession was not given, and appellant began this suit for possession and damages, the suit being first brought against Oddou, but an amended complaint was filed in which Niezer & Company was joined as a defendant. In refusing to vacate, Oddou claimed that the $700 he had paid to Niezer & Company when he had leased the premises was for certain sheds erected by Niezer & Company, and that he would not yield possession until he was paid for the sheds. The complaint of appellant was in the usual form in such cases, it being specially averred that Niezer & Company had, by its lease, agreed to return the premises, at the expiration of the lease, in as good condition as they were at the time the lease was executed, and that, by failure so to do, appellant was damaged, etc. Oddou answered complaint by denial. Niezer & Company, in addition to denial, filed a second paragraph of answer setting up that in November, 1924, it was agreed by and between appellant and Niezer & Company that the company should be released from further liability on its lease and that appellant would thereafter look solely to Oddou as his lessee of the premises. A reply in denial to the second paragraph of answer closed the issues, and a trial resulted in a finding and judgment for appellant against

Oddou, and a judgment in favor of Niezer & Company. This appeal followed.

The sufficiency of the evidence to sustain the decision of the trial court is the only question which will require consideration.

On the trial, the facts above stated were established by the evidence. The only controversy was as to the issue of fact presented by the affirmative answer of Niezer & Company. Manifestly, the decision was based on a finding by the court that appellant had released Niezer & Company from liability on its lease contract.

It is well settled in this, as in most jurisdictions, that the mere assignment of a lease, or the subletting of leased premises, by a lessee, with the knowledge and consent of the lessor, and payment of the rent to lessor by the assignee or sublessee, will not abrogate the lessee's contract obligation as to the payment of rent. *Jordan* v. *Indianapolis Water Co.* (1902), 159 Ind. 337, 64 N. E. 680; *Powell* v. *Jones* (1912), 50 Ind. App. 493, 98 N. E. 646, and cases cited. The rule is based upon the fundamental principle in the law of landlord and tenant that one may be liable for rent either by reason of privity of estate or by privity of contract. A sublessee, in the absence of a contract otherwise, is liable only by reason of privity of estate, and when that privity ceases, liability ceases; but the obligation of the original lessee is created by privity of contract, and that privity is not affected by failure of such lessee to occupy the premises.

In the light of these legal principles, it must follow that, in the absence of evidence showing a contract, express or implied, between appellant and Niezer & Company releasing the latter from its obligation created by the original lease, the judgment must be reversed. There is no evidence of an express contract of release. Appellee does not contend that there was

an express contract. Does the evidence show an implied contract of release? It is so contended by appellee, and the court so held. It is well established that an implied contract, like an express contract, grows out of the intention of the parties, and there must be a meeting of the minds. *Western Oil Refining Co.* v. *Underwood* (1925), 83 Ind. App. 488, 149 N. E. 85; *Boyd* v. *Chase* (1929), 90 Ind. App. 374, 166 N. E. 611.

It appears from the evidence that George and Maurice Niezer were each connected with the management of appellee Niezer & Company, and that each testified on the trial of this cause. While testifying, George Niezer stated that, in the fall of 1924, after the property in controversy had been subleased to Oddou, appellant came into its place of business to collect the rent for the leased premises, and while there stated that he wanted "to collect the rent direct over at the other coal yard of Oddou and relieve us of all transactions in regard to collecting that rent. Maurice said that that was fine; was perfectly agreeable, and it would release us of all responsibility in the transaction." The witness further testified that appellant wanted "to collect the rent over there because he knew and liked Oddou, and could get along with him, and that he wanted to sell the yard to Oddou." Following this answer, the witness was again asked the question as to what, in substance, was said by appellant at the time, and the witness answered: "Well, he said he wanted to collect the rent from Oddou and relieve us from the transaction, and we would pass out of the picture and would not have anything more to do with the transaction." It is contended by appellee that this evidence, taken in connection with the other facts and circumstances shown by the evidence, as set forth above, show an implied contract on the part of appellant to release Niezer & Company. We do not concur in that view. In our view, the only interpreta-

tion to be placed upon the statement of appellant, said to have been made in the conversation, is that appellant wanted to collect the rent directly from Oddou because "he liked him," wanted "to sell him the yard," and that he would, therefore, release Niezer & Company of all "transactions in regard to collecting the rent." There is no evidence to show a meeting of the minds of the parties on a contract to release Niezer & Company; if there had been, appellant's 90-day notice to quit would, doubtless, have been given to Oddou and not to Niezer & Company.

There being no evidence to sustain the decision of the trial court, the judgment is reversed, with instructions to grant a new trial.