## DUNCAN *v.* GRIFFITH.

[No. 14,067. Filed April 16, 1931.]

*Edmund L. Craig,* for appellant.

*Charles J. Eichel, Jr.,* and *Nat. H. Youngblood,* for appellee.

CURTIS, J.—This is an action by appellee against appellant for personal injuries alleged to have been sustained by appellee in an automobile collision of his automobile and the appellant's automobile. Trial was had on the amended complaint of appellee in one paragraph, to which appellant filed a general denial, before

a jury which rendered a verdict for appellee and upon which judgment was entered. The question of contributory negligence was a pertinent one in this cause.

The only error assigned is that the court erred in overruling appellant's motion for a new trial.

The court gave the jury 10 instructions of its own motion; it also gave instructions Nos. 1, 2, 6, 7 and 8, tendered by appellee, and instructions Nos. 2, 3, 4, 5, 6 and 8 tendered by appellant. In the motion for a new trial, appellant, in specification No. 5, says the court erred in giving each of the instructions numbered 1, 2, 6, 7 and 8 tendered by appellee. Under his Points and Authorities, however, appellant, by failure to discuss the other alleged errors in the giving of instructions, waives all of them except the alleged error in giving instructions Nos. 1 and 2 tendered by appellee. These two instructions appellant points out respectively under Division A and Division B of his Points and Authorities. Inasmuch as this judgment must be reversed for error of the trial court in giving instruction No. 2, tendered by appellee and presented by appellant's Points and Authorities under his Division B, we do not discuss the alleged error in giving instruction No. 1, tendered by appellee, as we do not feel that in a retrial of this case, such error, if such was error, will be repeated.

Instruction No. 2, tendered by appellee and given by the court, of which complaint is made, is as follows: "In this action, the plaintiff is not required, in order to recover, to prove that he was free from contributory negligence, but that burden is upon the defendant to prove by a fair preponderance of the evidence."

Section 380 Burns 1926, Acts 1899 p. 58, in force February 17, 1899, says: "Hereafter in all actions for damages brought on account of the alleged negligence of any person, co-partnership or corporation for causing personal injuries, or the death of any person, it shall not

be necessary for the plaintiff in such action to allege or prove the want of contributory negligence on the part of the plaintiff, or on the part of the person for whose injury or death the action may be brought. Contributory negligence on the part of the plaintiff, or such other person, shall be a matter of defense, and such defense may be proved under the answer of general denial: Provided, that this act shall not affect pending litigation."

·The meaning of the above statute on the issue of contributory negligence of the plaintiff, or on the part of the person for whose injury or death the action may be brought, is that: (1) If there is no evidence on that issue (contributory negligence), then the finding on that issue should be for the plaintiff; (2) if there is evidence on that issue, whether given by the plaintiff or by the defendant, or by both, and if it is evenly balanced, then the finding on that issue should be for the plaintiff; (3) if there is evidence on that issue, whether given by the plaintiff or by the defendant, or by both, and the preponderence of such evidence is against the plaintiff, then the finding on the issue of contributory negligence should be for the defendant. Our courts have construed this statute in accordance with this view. See *Indianapolis St. R. Co.* v. *Taylor* (1902), 158 Ind. 274, 63 N. E. 456; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247, 71 N. E. 660; *Pittsburgh, etc., R. Co.* v. *Stephens* (1927), 86 Ind. App. 251, 157 N. E. 58; *T. J. Moss Tie Co.* v. *Hite* (1920), 190 Ind. 198, 128 N. E. 752; *New Castle Bridge Company* v. *Doty* (1906), 168 Ind. 259, 79 N. E. 485. Clearly, the defendant is not bound, as the jury was charged in the instant case, to prove that the plaintiff is free from contributory negligence. His interest would certainly be to establish by a preponderance of the evidence, whether given by the plaintiff or by himself, or by both plaintiff and defendant, that the

plaintiff was guilty of contributory negligence. The instruction given is clearly erroneous, and was well calculated to confuse and mislead the jury and, for error in giving such instruction, this judgment is reversed, with instructions to grant a new trial.