NINDE ET AL. *v.* BANK OF GENEVA ET AL.

[No. 14,291. Filed June 2, 1932. Rehearing denied July 27, 1932. Transfer denied January 30, 1933.]

*Roscoe D. Wheat* and *Simmons & Simmons,* for appellants.

*Eichhorn, Gordon & Edris,* and *James J. Moran,* for appellee.

WOOD, C. J.—The appellee, Bank of Geneva, brought suit against the appellants and its co-appellees upon a written instrument, which, omitting signatures, was in words and figures as follows:

"Geneva, Ind., May 25, 1928.   $5,000.00

Six months after date, we, jointly and   1,666.67 severally promise to pay to the order ———— of cashier at   $3,333.33

Bank of Geneva, Geneva, Ind.,

Five Thousand and no/100...............Dollars with interest at the rate of eight per cent. per annum from date and eight per cent. from maturity and attorney's fees for collection, value received, without any relief from valuation or appraisement laws. The drawers and endorsers severally waive presentment for payment, protest and notice of protest, and nonpayment of this note. Negotiable and payable at the Bank of Geneva, Geneva, Indiana. Interest payable semi-annually .

No. 26978

Due November 25, 1928

Discount ——.

Endorsements on back       .       Balance Due on

Endorsement on Principal       Principal

1/9 1928   $1,666.67       $3,333.33."

Judgment was rendered against all the appellants and the co-appellees of Bank of Geneva from which this appeal is prosecuted. Appellants assign as error: (1) The overruling of their demurrer to the second paragraph of complaint of appellee; (2) the court erred in its first conclusion of law; (3) the court erred in its second conclusion of law; (4) the court erred in its third conclusion of law; (5) the court erred in its fourth conclusion of law; (6) the court erred in its sixth conclusion of law; (7) the overruling of their motion for a new trial.

In their motion for a new trial appellants assign twelve separate causes. In their brief counsel for ap-

pellants discuss only three of these causes, viz.: (1) That the finding of the court is not sustained by sufficient evidence; (2) that the finding of the court is contrary to law; (3) that the court erred in admitting in evidence over the objection of appellants, plaintiff's (Bank of Geneva) "Exhibit A," which was the written instrument heretofore set out; the remainder of the causes for a new trial are therefore waived. *Cleveland, etc., Co.* v. *Ritchey* (1916), 185 Ind. 28, 111 N. E. 913; *Duncan* v. *Griffith* (1931), 92 Ind. App. 387, 175 N. E. 675.

The pleadings were multitudinous and voluminous. As the record comes to this court, we do not think it necessary to set them out in detail; to do so would unduly extend this opinion. We will refer to such portions thereof as are necessary during the progress of the discussion of questions involved. At the request of the parties, the court made a special finding of facts and stated its conclusions of law thereon. Appellants excepted to each conclusion of law assigning them as error, thus presenting the same question for consideration contained in the first assignment of error. It has frequently been decided by the Supreme Court that errors in overruling demurrers to pleadings, where there is a special finding of facts are not material, as a correct statement or declaration of the law upon the facts found would correct the error, if any, committed in the rulings upon the demurrers. *Woodward* v. *Mitchell* (1895), 140 Ind. 406, 39 N. E. 437; *Scanlin* v. *Stewart* (1894), 138 Ind. 574, 37 N. E. 401, 38 N. E. 401; *Muncie, etc., Co.* v. *Citizens, etc., Co.* (1912), 179 Ind. 322, 100 N. E. 65. It is not necessary to consider the first assignment of error separately. We will consider all of the errors assigned together. The cause was tried upon a second paragraph of complaint which was founded upon the written instrument above set out. It al-

leged, in substance, that on May 25, 1928, appellants and the co-appellees of Bank of Geneva, borrowed from the bank the sum of $5,000 and at the same time executed and delivered to the bank said written instrument which is copied into the complaint; that the instrument was given as evidence of the loan and concurrently with its execution, $5,000 was turned over to the defendants by the plaintiff, and accepted by them; that the instrument since its delivery to the bank had been and still was in its possession, and it was the sole owner thereof; that on September 1, 1928, "the defendants paid on said loan as evidenced by said note the sum of $1,666.67, and with consent of makers, payment was endorsed on reverse side of note with an acknowledgement of balance due, of $3,333.33"; that the balance of said note, including principal, interest and attorney's fees was long past due and unpaid, closing with a prayer for judgment.

To this complaint appellants addressed a demurrer for insufficiency of facts. In the memorandum it was alleged in substance, that the second paragraph of complaint was upon the theory that the instrument sued upon was a promissory note; that it was not a promissory note, that it was not payable to any person, firm or corporation; that it was made payable to order of "cashier," which destroyed the instrument as a promissory note; that it was not a contract between the defendants and plaintiff bank; that there was no agreement between defendants and plaintiff bank to pay anything; that there was a variance between the allegations of the paragraph of complaint, and the instrument set out, in that the complaint alleged that a promissory note was executed and delivered to the plaintiff, but that the instrument sued on was not payable to plaintiff. This demurrer was overruled. Each of the appellants

filed a separate answer in three paragraphs to this paragraph of complaint; they were general denial, payment, and want of consideration; a reply in general denial was filed to these affirmative paragraphs of answer.

Whether or not the instrument sued upon is a promissory note is the principal question presented in this case. We think that it contains all the elements required or necessary to make it a promissory note. Acts 1861, p. 145, Burns 1926, §11347; Acts 1913, p. 120, Burns 1926, §11543. The fact that it was made payable "to the order of cashier at Bank of Geneva" does not in any way deprive it of any of the essentials of such a contract. In the case of *The Bank of the State* v. *Wheeler* (1863), 21 Ind. 90, a bill of exchange was indorsed to "H. Early Cashier" and was thereafter sold and indorsed by "H. Early Cashier." In holding that these indorsements bound the bank, the court said: "In the case at bar, the transactions were the purchase and sale of a bill of exchange. It does not appear, in the case, that the cashier of the bank, who received and transferred the bill in question, possessed less than the ordinary power of bank cashiers. It follows that the bank was liable upon the indorsement made by the cashier, and that the judgment for the plaintiff was right, if the purchase by Wheeler was bona fide. It would certainly greatly embarrass monetary and mercantile transactions, if every man, who bought and sold gold and silver and commercial paper, at the counter of the bank, of or to the cashier, was compelled to call for the records of the bank, to see that the cashier had the powers he assumed, they being within the general scope of the authority of such officer. The directors of banks are not usually in perpetual session, while the business of banks is occurring every day, and must, of necessity, be transacted by the officers in charge or not at all. The public interest requires that the banks

should be bound by the acts of their officers in their ordinary business."

In the case of *Nave* v. *Hadley* (1881), 74 Ind. 155, a note was made payable to "N. T. Hadley, Cash," suit was brought by partners under the firm name of The Danville Banking Company. The complaint was held good on demurrer, the court saying: "The descriptive word 'Cash,' affixed to Hadley's name, indicates that he was acting in a representative capacity, and that it was in such capacity that the note was made payable to him. It is well settled that a note payable to the cashier of a bank is to be deemed payable to the bank, and that the bank may sue thereon as payee." The following cases support the rule of law thus announced: *Dutch* v. *Boyd* (1881), 81 Ind. 146; *Nave* v. *First Nat. Bank* (1882), 87 Ind. 204; *Hodge* v. *Farmers, etc., Bank* (1893), 7 Ind. App. 94, 34 N. E. 123; 1 Morse, Banks and Banking (6th ed.), §170.

Parol evidence is admissible to show that a note given to the cashier of a bank was intended as a promise to the corporation and such evidence has no tendency whatever to contradict the terms of the contract. *Baldwin* v. *Bank of Newbury* (1863), 1 Wall. 234, 17 L. ed. 534; 1 Morse, Banks and Banking, *supra*.

The appellants also contend that the decision of the court is not sustained by sufficient evidence and is contrary to law; that certain findings of the court were outside the issues. A careful examination of the record does not uphold appellants' contention.

Finding no error the judgment is affirmed.