RETTER ET AL. *v.* RETTER.

[No. 16,785. Filed March 23, 1942.]

660

*Harold J. Bell,* of Winchester, and *W. H. Eichhorn,* of Bluffton, for appellants.

*Bales, Cockerill & Bales* and *John D. Wilson,* all of Winchester, for appellee.

FLANAGAN, J.—This is an action by appellee, Otis Retter, against appellants, Otho Retter, Donald Retter, and Kenneth Retter, for a declaratory judgment determining the rights and status of the parties relative to the construction and maintenance of a partition fence.

Appellants' demurrer to the complaint was overruled, and appellants answered in general denial. The cause was submitted to the court for trial without the intervention of a jury. The court found the facts specially, stated its conclusions of law, and rendered judgment in favor of appellee.

Errors relied upon for reversal are: (1) Overruling appellants' demurrer to the complaint; (2) overruling appellants' motion for a new trial, grounded upon insufficiency of the evidence; and (3) error in the conclusions of law.

Special finding of facts and conclusions of law having been requested and made, the ruling of the trial court on appellants' demurrer to the complaint is not material. *Ninde* v. *Bank of Geneva* (1933), 95 Ind. App. 558, 181 N. E. 378.

The only error claimed in the conclusions of law is that they are erroneous because they are based upon findings of fact which are not supported by the evidence. Therefore, the only question presented by this appeal is whether the decision of the trial court is sustained by sufficient evidence.

The evidence supports the following facts:

Prior to the year 1901, Frederick Retter, now deceased, was the owner of an 80-acre tract of land known

as the Hawkins farm, which lay immediately south of an 80-acre tract owned by one Jonas Johnson, known as the Johnson farm. In about the year 1900, Retter and Johnson concluded that the lane which divided their farms was no longer useful and decided to build a line fence. They made a division of the fence so that Retter constructed and maintained the west end and Johnson constructed and maintained the east end. In about 1901, or 1902, Frederick Retter bought the Johnson farm.

In 1906, Frederick Retter rented the Hawkins farm to his son Otis Retter, appellee herein, and the Johnson farm to his son Otho Retter, one of the appellants herein. He told the two sons that after his death Otis would get the Hawkins farm and Otho would get the Johnson farm. Until his death in 1921, these two sons continued as his tenants on the respective farms which he had rented to them in 1906; and he required Otis to maintain the west end of the fence and Otho the east end.

Frederick Retter died in 1921, and by will left a life estate in both farms in trust for his widow. Otis continued on the Hawkins farm as tenant of the trustee until the death of his mother in 1934, when he became the owner of that farm in fee simple under the terms of his father's will. Otho continued on the Johnson farm as tenant of the trustee until about 1924. Under the terms of his father's will, he received a life estate in the Johnson farm upon the death of his mother, the remainder going to his two sons, the appellants Donald Retter and Kenneth Retter. After her death in 1934, he rented the Johnson farm to one Reverdy Green.

During the period from the death of Frederick Retter in 1921, to the death of his widow in 1934, Otis continued to maintain the west end of the fence; and the

trustee under Frederick Retter's will maintained the east end.

After the death of the mother, in 1934, until the bringing of this action in 1940, Otis Retter, the appellee, maintained the west end of the fence. In 1938, he entirely reconstructed it. There is evidence that the east end was maintained during that time by Otho Retter and his tenant. It is fairly inferable from the evidence that all of the parties to this action had knowledge of the original division of the partition fence by Frederick Retter and Jonas Johnson, of the history of the maintenance of the fence as we have above recited that history, and of the fact that during the six years from the time of the death of Frederick Retter's widow to the time of the commencement of this action, the owners of the two farms were maintaining their respective ends of the fence under the supposition that they were keeping the original division in force and effect.

Under this evidence, the trial court found that a division of the line fence, for its building, repairing, or rebuilding, has been made by agreement of the parties. This is the finding attacked by appellants.

Appellants contend that there is no evidence of such division of the fence by agreement, and that they should maintain the west end of the fence under the provisions of § 30-202, Burns' 1933, § 7634, Baldwin's 1934, which provides that, "In case no division of said partition fence has been made by the landowners for the building or repairing or rebuilding of such partition fence," etc., the landowner to the north shall build and repair the west half and the landowner to the south shall build and repair the east half.

An implied contract, that is, one wherein an agreement is arrived at by the acts and conduct of the

parties, is equally as binding as an express contract, wherein the agreement is arrived at by their words, spoken or written. In either case it grows out of the intention of the parties to the transaction. If there has been a meeting of minds and the clear intent of the parties to the transaction is evidenced by their acts and conduct viewed in the light of the surrounding circumstances, then the resultant implied contract differs from an express contract only in the mode of proof. *Western Oil Refining Co.* v. *Underwood* (1925), 83 Ind. App. 488, 149 N. E. 85; *Boyd* v. *Chase* (1929), 89 Ind. App. 374, 166 N. E. 611; *Klein* v. *Niezer & Co.* (1930), 92 Ind. App. 43, 169 N. E. 688; 12 Am. Jur., Contracts, § 4, p. 498; 17 C. J. S., Contracts, § 4, p. 318.

We think the trial court was justified in finding that the parties hereto, by their acts and conduct, adopted the division for the maintenance of the line fence as originally made by Frederick Retter and Jonas Johnson.

Judgment affirmed.

NOTE.—Reported in 40 N. E. (2d) 385.