HALEY v. WILLIAMS, TRUSTEE OF JEFFERSON TOWNSHIP, WASHINGTON COUNTY ET AL.

[No. 18,537. Filed February 8, 1954.
Rehearing denied March 25, 1955.]

378

*Mead & Mead,* of Salem, for appellant.

*Allen & Thompson,* of Salem, for appellees.

PFAFF, J.—The appellant brought this action against the appellees seeking to enjoin them from proceeding further in the construction of a partition fence, which fence the Township Trustee had already begun to erect on and along a portion of the partition line between the lands of the appellant Jesse Haley and the lands of the appellee Lillie Medlock, and asking for a restraining order without notice. The issues were formed on the appellant's complaint and the answer

of the appellee Dolphus Williams, Trustee, and the answer of the appellees Medlock et al. Each denied the allegations contained in the appellant's complaint. However, at a later date the appellee Medlock et al. filed a cross-complaint for declaratory judgment, to which the appellant addressed an answer in denial.

The appellant alleged in his complaint that he owned 54 acres of land in the SW ¼ of S. 27, T. 3 N., R. 3 E. in Washington County, Indiana, and the appellee Lillie Medlock owned 120 acres in the south half of said section which lay to the east and south of appellant's land; that the appellees were trying to get appellant to build a portion of the partition fence on the lines between said lands different from what the statute required him to build and that the trustee was already constructing a portion of the fence for him contrary to the statute.

Trial was to the court which found against appellant and in favor of appellee Lillie Medlock on her cross-complaint that there existed prior to 1949 an agreement between the parties and their predecessors by which each party built, repaired and maintained his left hand portion of the fence in question, being different from the statutory provision. That the appellee, Lillie Medlock, had built her portion of the fence and that appellant should be ordered to build, repair and maintain his left hand part likewise. "Lillie Medlock is obligated and required to build, maintain and repair that portion of the partition fence between said defendant and the plaintiff herein beginning at the south on the road and running thence generally north a distance of 78 rods, more or less, to the point where said partition fence turns and runs due east and west, that the plaintiff build, maintain and repair that portion of said partition fence which runs due east

and west 66 rods, more or less, to a point where said partition fence turns and runs due north and south, that the defendant Lillie Medlock build, maintain and repair that portion of said partition fence, being the south half of that part which runs due north and south from the corner at the east end of said 66 rods strip, and that the plaintiff build, repair and maintain the north half of said strip, which portion of partition fence is 80 rods north and south, more or less." The court further found that the temporary restraining order should be dissolved and that the request for temporary and permanent injunction should be denied, and that the appellant should be given twenty days from the date of the order to build, construct and maintain his said portion of the fence, or that the Trustee should then proceed to do so in accordance with the statutes.

The errors assigned upon appeal are the overruling of appellant's motion for new trial, which challenges the sufficiency of the evidence and the legality of the finding.

The statute (Burns' 1933, Sec. 30-202) clearly recognizes the right of adjacent landowners to agree among themselves as to what portions of a partition fence shall be built and kept in repair by the respective landowners. Lowe's Revision McDonald's Treatise Fundamentals of Indiana Jurisprudence, Ch. XXX, Sec. 2, p. 473. Our Indiana courts have held that such a division contrary to that provided by statute is valid and lawful. *Baynes* v. *Chastain* (1879), 68 Ind. 376; *Bartlett* v. *State* (1917), 186 Ind. 16, 114 N. E. 692; *Retter* v. *Retter* (1942), 110 Ind. App. 659, 40 N. E. 2d 385.

If there is any evidence of probative value to support the findings of the trial court, it is the duty of this court

to affirm. *Noyer* v. *Ecker* (1954), 125 Ind. App. 63, 119 N. E. 2d 902; Flanagan, Wiltrout & Hamilton, Indiana Trial & Appellate Practice, Sec. 2786, p. 366. While there was a conflict in the evidence, we are of the opinion that on the record before us there was sufficient evidence with the reasonable inferences that might flow therefrom to support the finding and judgment of the trial court.

Judgment affirmed.

NOTE.—Reported in 123 N. E. 2d 921.