DYER CONSTRUCTION CO., INC. *v.* ELLAS CONSTRUCTION CO., INC. ET AL.

[No. 1271A274. Filed September 20, 1972.]

---

2. See *Johnson* v. *State* (1972), 258 Ind. 515, 282 N. E. 2d 802.

*Ronald V. Aungst, Lyons, Aungst, & Guastella,* of Valparaiso, for appellant.

*Gilbert Gruenberg, Bruce E. Sayers, Hodges, Davis, Gruenberg, Compton & Sayers,* of Gary, *Paul Reed,* of Knox, for appellees.

HOFFMAN, C.J.—Two issues are presented by this appeal. The first is whether the finding by the trial court that there was no actual contract in existence between appellant Dyer Construction Co., Inc. (Dyer) and appellees Ellas Construction Co., Inc. and the Insurance Company of North America (appellees are hereinafter referred to as Ellas) was contrary to the evidence. The second issue is whether the trial court erred in subscribing the value of certain items and work performed by the appellant.

The sixth amended complaint filed by plaintiff-appellant Dyer against defendant-appellee Ellas alleged, *inter alia,* the existence of an oral contract whereby Ellas agreed to pay at the rate of $1.10 per cubic yard for certain materials furnished and services performed by Dyer. Such complaint further

alleged the sum of $128,237.70, plus interest, was due and unpaid, and prayed for judgment in such amount.

Defendant-Ellas filed its answer denying each allegation of plaintiff-Dyer's sixth amended complaint. Ellas thereafter filed a counterclaim alleging certain work done and materials furnished to Dyer on other jobs plus cash payments exceeding the amount due from Ellas to Dyer by $26,114.31, and praying for judgment in such amount. Plaintiff-Dyer filed its answer denying each allegation contained in the counterclaim.

Trial was to the court without the intervention of a jury. The court found "for plaintiff on its complaint on the theory of stipulated amounts and upon quantum meruit" and entered judgment in the amount of $210,981.94. The trial court found "for defendant on its cross-complaint" and entered judgment in the amount of $230,599.36. Dyer timely filed its motion to correct errors which was overruled by the trial court and Dyer has brought this appeal.

To determine the standard of review controlling in this appeal it must be noted that Dyer was the plaintiff in the trial court and had the burden of proving the allegations of its complaint. A decision against one with the burden of proof is referred to as a negative decision and may not be attacked on the basis that it is not sustained by sufficient evidence. A negative decision may only be attacked as being contrary to law. In *Senst* v. *Bradley* (1971), 150 Ind. App. 113 at 116, 275 N. E. 2d 573, at 576, 28 Ind. Dec. 28, it was stated:

"It is only where the evidence is without conflict and leads to only one conclusion and the Trial Court reached a contrary conclusion that the decision will be disturbed as contrary to law i.e., that is where it affirmatively appears that reasonable men could not have arrived at the same judgment or conclusion. See *Edwards* v. *Wyllie* (1965), 246 Ind. 261, 203 N. E. 2d 200." See also: *Stidd* v. *Dietz* (1963), 135 Ind. App. 149, 192 N. E. 2d 651.

The first issue to be considered is whether the trial court erred in finding that there was no actual contract in existence between the parties. The specific finding of the trial court in the record before us reads as follows:

"The Court is convinced that there was never a meeting of the minds between plaintiff and defendant sufficient to form a contract which could be the basis for legal recovery."

Dyer contends that the above finding is contrary to the evidence and that the evidence before the trial court leads to but one conclusion—"that there was in fact an implied contract existing between the parties." This contention is of no avail to Dyer because an implied contract, or a contract implied in fact, is a true contract and as such requires mutual assent. 1 Williston on Contracts (3d Ed. 1957), § 3, pp. 8-11.

In *Retter* v. *Retter* (1942), 110 Ind. App. 659, at 663, 664, 40 N. E. 2d 385, at 386, it was stated:

"An implied contract, that is, one wherein an agreement is arrived at by the acts and conduct of the parties, is equally as binding as an express contract, wherein the agreement is arrived at by their words, spoken or written. In either case it grows out of the intention of the parties to the transaction. If there has been a meeting of minds and the clear intent of the parties to the transaction is evidenced by their acts and conduct viewed in the light of the surrounding circumstances, then the resultant implied contract differs from an express contract only in the mode of proof. *Western Oil Refining Co.* v. *Underwood* (1925), 83 Ind. App. 488, 149 N. E. 85; *Boyd* v. *Chase* (1929), 89 Ind. App. 374, 166 N. E. 611; *Klein* v. *Niezer & Co.* (1930), 92 Ind. App. 43, 169 N. E. 688; 12 Am. Jur., Contracts, § 4, p. 498; 17 C. J. S., Contracts, § 4, p. 318."

In the instant case, the record before us contains approximately 550 pages of testimony and exhibits. We will not attempt to summarize the evidence presented to the trial court. The evidence and reasonable inferences flowing therefrom are conflicting. The trial court received the evidence, observed the

witnesses and heard their testimony. There is probative evidence to support the conclusion that there was no meeting of the minds between the plaintiff and defendant. We will, therefore, not disturb the conclusion of the trial court that no contract existed between the parties.

While we may not disturb the trial court's finding that there was no meeting of the minds thus preventing an express or implied in fact contract, the uncontroverted evidence and pre-trial stipulations of the parties show that appellant was entitled to recover under the doctrine of quasi or constructive contract.

Contracts implied in law, more properly termed constructive or quasi contracts, are not contracts in the true sense. They rest on a legal fiction imposed by law without regard to assent of the parties. They arise from reason, law, and natural equity, and are clothed with the semblance of contract for the purpose of remedy. No action can lie in quasi contract unless one party is wrongfully enriched at the expense of another. *Clark* v. *Peoples Sav. & Loan Assn.* (1943), 221 Ind. 168, 46 N. E. 2d 681; *Bd. of Com. of Decatur Co.* v. *Greensburg Times* (1938), 215 Ind. 471, 19 N. E. 2d 459; 17 C. J. S., *Contracts*, § 6, at 566-576; 6 I. L. E., *Contracts*, § 6, at 75.

In the instant case, the evidence most favorable to the appellees and the pre-trial stipulations of the parties, shows that Dyer delivered certain materials and performed certain services for Ellas. Ellas, in the course of a construction project, retained the benefits from Dyer's performance. Therefore, even accepting the trial court's finding that there was no meeting of the minds preventing an implied in fact contract, equity will prevent Ellas from being unjustly enriched by imposing on Ellas a duty to pay Dyer for the reasonable value of its services and materials.

The second contention argued by Dyer in this appeal is whether the trial court erred in assigning the values to certain

materials furnished and services performed by Dyer. Specifically, Dyer contends that the trial court failed to consider the uncontroverted testimony of George Hoopinthal that Dyer not only furnished and hauled the materials in question, but had equipment on the job site performing other services, and that even on a quantum meruit basis appellant-Dyer should have received credit for the additional work done.

As previously stated, we need not summarize the evidence before the trial court. Hoopinthal's testimony is contradicted by testimony of other witnesses. Thus, whether recovery was based upon a contract implied in fact or a contract implied in law, the award of restitution for the reasonable value of Dyer's services and material furnished is based on sufficient probative evidence and will not be disturbed by this court.

The remaining allegations of error as found in Dyer's motion to correct errors have not been briefed herein and are deemed waived. See Rule AP. 8.3(A)(7), Indiana Rules of Procedure.

Having found no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

Sharp and Staton, JJ., concur.

NOTE.—Reported in 287 N. E. 2d 262.