EDGAR C. ENGELBRECHT *v.* PROPERTY DEVELOPERS, INC., FERRIS E. TRAYLOR, MARY V. TRAYLOR.

[No. 1-872A45. Filed June 4, 1973. Rehearing denied July 10, 1973. Transfer denied September 28, 1973.]

*Frick, Powell & Miller,* of Evansville, for appellant.

*Early, Arnold & Ziemer,* of Evansville, for appellees.

LOWDERMILK, J.—Plaintiff-appellant brought his action against the defendants-appellees in a complaint in two Paragraphs. Appellee, Property Developers, Inc., will be hereinafter referred to as "P.D.I."

Appellees filed answer and two Paragraphs of cross complaint.

The first legal Paragraph of complaint alleged appellant Engelbrecht had entered into an agreement with appellee Ferris E. Traylor whereby Engelbrecht was on an annual retainer of $18,000.00 per year and was to receive a 20% equity interest in all projects developed by him and that he was to be given an opportunity to manage the projects so developed and receive customary management fees. Promo-

tional work, leasing and financing services from January, 1965, to December, 1969, are alleged to have brought into existence a number of real estate developments which, at the time of the filing of the complaint, were under the control of the defendants-appellees.

Plaintiff-appellant alleges he developed a large shopping center in Clarksville, Tennessee, negotiated sale of a parcel of land in Vanderburgh County, Indiana, developed a public slide, car wash operation, and a Burger Chef restaurant operation.

Plaintiff-appellant further alleges he was wrongfully deprived of the opportunity to manage the projects and that appellees failed to carry out the terms of the verbal agreement and failed and refused to tender a 20% equity interest in the projects developed by him.

The second Paragraph of complaint sets forth practically the same allegations of the first, except it is on *quantum meruit* and asks $316,000.00 compensation.

The court was requested to make special findings of fact and conclusions of law, which it did. The special findings of fact consisted of 25 findings, of which the first five, we believe, are material to this appeal and are in the words and figures as follows, to-wit:

"1. From 1965 through December 31, 1969, the plaintiff, Edgar C. Engelbrecht, was employed by the defendant, Property Developers, Inc.

2. That during said period of time the plaintiff was compensated for his services at the rate of Eighteen Thousand Dollars ($18,000.00) per year through February, 1968, and at the rate of Twenty Thousand Dollars ($20,000.00) per year from March, 1968 through December, 1969.

3. That in addition to said compensation, plaintiff received various fringe benefits including the use of an automobile, insurance coverage, country club dues, professional seminars, secretarial services and office space, which he used for personal business as well as the business of the defendant, Property Developers, Inc.

4. The plaintiff and the defendant, Ferris E. Traylor, at various times, discussed arrangements whereby the plaintiff might participate in the profits from the operations of the defendant, Property Developers, Inc., in addition to his agreed upon compensation, but no definite agreement was arrived at as a result of these discussions and no agreement was reached between the parties for any compensation to be paid to the plaintiff above the compensation agreed upon and referred to in paragraphs 1 and 2 above.

5. There was no agreement between the plaintiff and the defendants or any of them that the plaintiff would be given the opportunity to manage the projects developed by him or that he would receive the usual and customary management fees for such services during the existence of such projects."

There were six specifications of the conclusions of law, of which the first three are, in substance, that the law was with the defendants and against the plaintiff; plaintiff was not entitled to recover on the first Paragraph of amended complaint and plaintiff was not entitled to recover on the second Paragraph of amended complaint. The fourth and fifth conclusions of law are that P.D.I. is not entitled to recover on either Paragraph of its cross complaint.

Judgment was entered thereon in strict compliance with the findings. The motion to correct errors was timely filed and by the court overruled, with this appeal following.

Appellant's motion to correct errors alleged that the verdict was not supported by sufficient evidence and was contrary to law inasmuch as plaintiff was denied relief on both Paragraphs of his complaint. We note that this is an appeal from a negative judgment and the law is well settled that an allegation of insufficient evidence on an appeal from a negative judgment presents no question to this court. *Conard* v. *Mitchell Industries* (1973), 155 Ind. App. 110, 291 N.E.2d 577; *Ver Hulst* v. *Hoffman* (1972), 153 Ind. App. 64, 286 N.E.2d 214.

This court will consider only the evidence most favorable to the appellee. *Engelbrecht* v. *Tri-State Franchisers, Incorporated* (1972), 253 Ind. App. 350, 287 N.E.2d 365.

The trial court, in its Finding of Fact Number 1, found that the appellant was an employee of P.D.I. Additionally, the court found that the appellant was compensated during the years of his employment, including salary and certain fringe benefits. In its Finding of Fact Number 4, the trial court found that certain discussions had taken place as to possible additional compensation which the appellant might receive over and above his agreed upon compensation. However, the trial court in its finding of fact found that no definite agreement was arrived at above the compensation agreed upon. Looking to the evidence most favorable to the appellee, we find that there was evidence to support the above findings of fact.

Appellant, in his brief and in his motion to correct errors, alleges that there was an abundance of evidence to the effect that the appellant was underpaid and contends that the total compensation which the appellant was to receive for his services was never agreed upon. Appellant contends that the trial court's Finding of Fact Number 4, in effect, finds that the total compensation was not agreed upon. However, a close reading of that finding of fact does not lead this court to the conclusion asserted by appellant. Finding of Fact Number 4 simply states that the arrangements discussed by the parties herein were never consummated and these discussions were only concerned with what appellant might receive. The court earlier found that appellant was an employee and was on a definite salary. The trial court found that appellant had only negotiated with appellee and correctly found that these negotiations, or discussions, were not consummated and no agreement was reached between the parties. There being evidence that a definite compensation was agreed upon between the parties, we find no merit in appellant's first contention, that the total compensation was subject to question. Negotiations for additional compensation are not implied contracts, but are negotiations and no more.

An implied contract cannot exist where an express contract covers the identical subject. 6 I. L. E., *Contracts,* § 6, p. 73; 17

C. J. S., *Contracts*, § 5, p. 564. Where there is a contract controlling the rights of the parties there can be no recovery on the theory of *quantum meruit*. 98 C. J. S., *Work & Labor*, § 29, p. 759.

The trial court found that there was only evidence of discussions pertaining to additional compensation. Appellant argues that these discussions were sufficient to form an implied contract. The trial court, however, did not find there was an implied contract. We note that even an implied contract requires a meeting of the minds. 6 I. L. E., *Contracts*, § 6; *Klein* v. *Niezer* (1930), 92 Ind. App. 43, 169 N.E. 688; *Retter* v. *Retter* (1942), 110 Ind. App. 659, 40 N.E.2d 385. The trial court found ". . . no agreement was reached between the parties for any compensation to be paid to the plaintiff above the compensation agreed upon . . ." There being no meeting of the minds, an implied contract cannot be found.

The Supreme Court of Illinois stated, in the case of *Young* v. *Farwell, et al.* (1893), 34 N.E. 373, as follows:

". . . And if the minds of the parties never met upon some definite proposition under which the complainant was to secure a part of the profits, we do not understand upon what principle he can maintain a bill for an accounting. It is the plain duty of courts to enforce contracts made by parties when the terms and conditions of the contract are established by evidence, but courts cannot make contracts for parties, and then enforce such contracts. . . ."

Appellant also contends that the trial court made no findings of fact in regard to his second Paragraph of complaint, which was based on *quantum meruit*. It is appellant's position that the conclusion of law which found that appellant was entitled to recover nothing on the second Paragraph was not supported by any finding of fact. However, the trial court did find in its findings of fact that there was an express contract between the parties and that no implied contract existed under the first Paragraph of complaint. This being the case, it necessarily follows that as a matter of law no recovery could be

had under the second Paragraph of complaint, *quantum meruit,* since the trial court had already found an express contract and had found that appellant was a salaried employee of P.D.I. Thus, it became unnecessary for the court to make a specific finding of fact when none was required. The law does not require the doing of a useless thing. *Edwards* v. *Countess of Warwick* (1723), 2 Will. Rep. 174, 22 Eng. Rep. 36; *City of Evansville* v. *Maddox* (1940), 217 Ind. 39, 25 N.E.2d 321.

Additionally, if the court did err in failing to make finding of fact specifically on Paragraph II of the complaint, it was harmless error. Rule TR. 61.

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 296 NE.2d 798.