Diana L. DECK, Defendant-Appellant,

v.

JIM HARRIS CHEVROLET–BUICK, Plaintiff-Appellee.

No. 1-578A111.

Court of Appeals of Indiana, First District.

March 13, 1979.

Paul Joal Watts, Spencer, for defendant-appellant.

Robert J. Bremer, Calbert & Bremer, Greencastle, for plaintiff-appellee.

LOWDERMILK, Judge.

## STATEMENT OF THE CASE

Defendant-appellant Diana L. Deck (Mrs. Deck) brings this appeal after the Putnam County Court entered judgment in favor of plaintiff-appellee Jim Harris Chevrolet-Buick (Harris) in the amount of $134.40 as payment for labor performed by Harris on Mrs. Deck's automobile.

## FACTS

The trial court entered the following findings of fact and conclusion of law:

"1. The Court finds that it has jurisdiction over the parties in this action and over the subject matter.

2. Defendant, Diana Deck, brought her 1976 Buick Regal automobile to Plaintiff's establishment because of a problem with the transmission.

3. Defendant was told that an attempt to fix it with a particular modulator valve would be made and that it would probably cost less than $50.

4. *Defendant was told she would be called if the repair work would cost over $50 and she requested that this call be made.*

5. Defendant was subsequently told the next day that the first valve did not repair the problem and Defendant was told another valve would have to be replaced and that she could pick the car up that day at 5:00 p. m.

6. Defendant arrived at 5:00 p. m. but her car was not finished so she was given a loaned auto to drive.

7. *Defendant, through some breakdown in communications, was never contacted about further work that was required to be done to repair the transmission.*

8. Defendant was presented with a bill for considerably more than $50 for an overhaul of the transmission that effected the necessary repairs, specifically $388.98.

9. The automobile was technically out of warranty but the Plaintiff contacted Buick and managed to have them pay for the parts for the transmission and presented Defendant with a bill for the labor, only $134.40.

10. The Court finds no evidence of fraud in this matter but that *repairs over and above what Defendant was originally told were necessary and were accomplished without notification to Defendant.*

## CONCLUSION OF LAW

The Plaintiff is entitled to recover judgment in this cause for its labor bill on the legal theory of quantum meruit since there was no express agreement by Defendant to allow further repairs to be made in excess of $50 but plaintiff in apparent good faith effected the repairs and to allow Defendant to have the benefit of such repairs without paying for them would unjustly enrich Defendant at Plaintiff's expense." (Our emphasis)

## ISSUE [1]

■ We deem it necessary to consider only one issue presented by Mrs. Deck: Did the trial court err in allowing Harris to recover for work done in direct contradiction of the agreement made by Mrs. Deck and Harris?

## DISCUSSION AND DECISION

Harris cites three cases in support of its allegation that the judgment is correct and should be affirmed. Two of these cases were presented on a theory of negligence and one on a theory of fraud. We assume

Harris cites these cases solely for the purpose of reminding this court of its proper role in reviewing the trial court proceedings.

Harris cites 6 I.L.E. *Contracts* § 181 (1958) and 30 I.L.E. *Work and Labor* §§ 3, 7, and 8 (1960), but Harris has made no attempt to apply those general statements to the facts as found by the trial court in the case at bar.

In 30 I.L.E. *Work and Labor* § 7 appears the following paragraph:

"Generally one is liable for services rendered on his express promise to pay therefor, and where the compensation has been fixed by agreement, recovery is limited to the stipulated price. Where there is an express promise to pay for services but the compensation therefor has not been agreed on, the promisor is liable for the reasonable value of the services." (Footnotes omitted)

The trial court specifically found that (a) Harris told Mrs. Deck it would notify her before Harris performed repair work exceeding a cost of $50; and (b) Harris did not notify Mrs. Deck that the cost of the work it decided to do would exceed $50. The first sentence, rather than the second sentence, of the paragraph quoted above appears to fit the facts as found by the trial court. Fifty dollars was the maximum amount Mrs. Deck agreed to pay.

■ Harris reminds this court that the judgment should be affirmed if at all possible. The duty to affirm, however, does not permit this court to resolve questions of fact in a manner directly opposite to the findings of the trial court. The trial court specifically found that the work for which Harris seeks payment was done although Mrs. Deck "was never contacted about further work that was required to be done to repair the transmission." As Judge Garrard wrote in the case of *In re Marriage of Miles*, (1977) Ind.App., 362 N.E.2d 171, 174:

1. Mrs. Deck also argues that the admission of hearsay evidence denied her a constitutional right to due course of law. The only evidence to which she refers concerns the issue of whether Harris notified her regarding the addi-

tional work. The trial court found in Mrs. Deck's favor on that question; Mrs. Deck could not have been prejudiced by the admission of the evidence she finds objectionable.

". . . if the findings and conclusions entered by the court, when construed most favorably toward the judgment, are nevertheless clearly inconsistent with it, the decision must be set aside regardless of whether there was evidence adduced at trial which would have been sufficient to sustain the decision. To hold otherwise would negate the primary purpose of special findings. * * *"

Accordingly, we must determine whether Harris can recover payment for work not authorized on the theory that denial of recovery would leave Mrs. Deck unjustly enriched.

In 66 Am.Jur.2d *Restitution and Implied Contracts* § 27 (1973) appears the following summary:

"Restitution for services rendered under mistake is not permitted as freely as for money paid or things given. Frequently it would be unfair to the person benefited by services to require payment, since although benefited he reasonably may be unwilling to pay the price; he does not have the opportunity of return, which usually exists in the case of things received, nor the definite and certain pecuniary advantage which ensues where money has been paid. Thus, where services are rendered to another without intent or agreement by the other party to pay for them, the hardship to the person called upon to pay for the services ordinarily is sufficient to prevent restitution because of mistake.

Where one by mistake in good faith has expended labor and materials on the property of another, not destroying its identity, nor converting it into something substantially different, nor essentially enhancing its value, he cannot recover compensation therefor from the owner, although the owner has availed himself of the benefit. *Nothing could more encourage carelessness than the acceptance of a principle that one who by mistake performs labor on the property of another* should lose nothing by his error, but should have a claim on the owner for remuneration. * * *"

(Footnotes omitted, our emphasis)

■ The testimony presented at trial reveals that Mrs. Deck expressed her displeasure as soon as she was presented with a repair bill of $388.98. The trial court entered judgment against Mrs. Deck solely for the purpose of preventing unjust enrichment. Yet Harris was in a far better position to prevent misunderstanding than was Mrs. Deck. Harris used a work order form which provided for written authorization for work to be performed. Harris failed to obtain written authorization; and Harris, due to "some breakdown in communications," never obtained any authorization for its extra work. Mrs. Deck did not ask that work exceeding a cost of $50 be done, and Mrs. Deck could not return the services rendered.

98 C.J.S. *Work and Labor* § 36 (1957) provides this statement:

"There can be no recovery for extra work in the absence of an express or implied agreement to pay therefor, where it is performed without the knowledge or consent of the other party, or where recovery for the extra services is precluded by a provision of the contract. It has been held that no quantum meruit recovery may be had for extra work beyond the scope of the contract, or for additional services rendered after expiration of the contract term. . . ." (Footnotes omitted)

Finally, in *Engelbrecht v. Property Developers, Inc.*, (1973) 156 Ind.App. 354, 296 N.E.2d 798, 801, this court emphasized that "[w]here there is a contract controlling the rights of the parties there can be no recovery on the theory of *quantum meruit.*" Mrs. Deck and Harris agreed that Harris would not do work exceeding a cost of $50. Harris did not contact Mrs. Deck about further work. Harris, therefore, must be limited to a recovery of $50.[2]

---

**2.** Consider also the reasoning of the Michigan Court in *Isle Royale Mining Co. v. Hertin,* (1877) 37 Mich. 332.

We acknowledge once again that the evidence could have supported different findings of fact. The findings of fact entered by the trial court, however, are not consistent with the judgment entered. Accordingly, this cause is remanded to the trial court with instructions that the judgment be reduced to $50.00. As modified in accordance with these instructions, the judgment is affirmed.[3]

ROBERTSON, J., and HOFFMAN, J., participating by designation, concur.

---

**3.** Harris requested an award for damages and costs of this appeal. That request, of course, is denied.