**Leon A. WAGONER, Appellant (Defendant Below),**

v.

**JOE MATER AND ASSOCIATES, INC., Appellee (Plaintiff Below).**

No. 3–783A208.

Court of Appeals of Indiana, Third District.

March 26, 1984.

---

**4.** Plaintiffs tendered final instruction no. 9, Record at 598.

**5.** *Id.* at 600–01.

**6.** *Id.* at 601.

James L. Walmer, Warsaw, for appellant.

Milo W. Lightfoot by David C. Kolbe, Warsaw, for appellee.

STATON, Presiding Judge.

Joe Mater and Associates, as assignee of the Otis R. Bowen Center for Human Services, Inc., (Bowen) sued Leon Wagoner for payment of services rendered by Bowen to Wagoner's son. Wagoner appeals from the trial court's judgment in favor of Bowen and contends that the trial court erred in determining that there was a contractual relation between him and Bowen.

Reversed.

The facts most favorable to the judgment are as follows: The marriage of Leon and Karla Wagoner was dissolved. Custody of their son, Matthew, was given to Karla. The child support order within the divorce decree provided, in part, that Leon was to pay the reasonable and necessary hospital, medical, dental, and optometric expenses incurred on Matthew's behalf. Beginning in February, 1979, Karla took Matthew to the Bowen Center for therapy, and gave Leon's name as the person responsible for paying for Matthew's treatment. While Leon was not opposed to having Matthew undergo therapy, he was opposed to taking Matthew to the Bowen Center for treatment. Leon refused to pay for the Bowen Center treatment and Bowen sued Leon seeking to collect for the services it rendered at Karla's request. The trial court, noting that its jurisdiction is limited to contract and tort actions,[1] found a contractual relation between Leon and Bowen and entered judgment against Leon on account stated.

In this appeal, Leon essentially contends that he was not contractually related to Bowen, and any obligation he might have regarding payment for Bowen's services to

---

1. IC 1976, 33–10.5–3–1 provides, in pertinent part:

"Sec. 1. (a) The county court has the following jurisdiction:

(1) Original and concurrent jurisdiction in all civil cases founded on contract or tort in which the debt or damage claimed does not exceed five thousand dollars ($5,000)."
West's A.I.C. (1983 Supp.).

Matthew cannot be enforced in this type of suit by Bowen. We agree.

 Generally, contracts may be express, implied, or constructive. Both involve a "meeting of the minds" of the contracting parties. Express and implied contracts differ only in that in an express contract the intent of the parties is evidenced by spoken words or by a writing, while in an implied contract the intent of the parties is evidenced by their conduct. *See Dyer Construction Co. v. Ellas Construction Co.* (1972), 153 Ind.App. 304, 287 N.E.2d 262. In this case, there is simply no evidence of words or actions from which it could be found that Leon and Bowen entered an express or implied contract. Nonetheless, Bowen asserts that, as a provider of a "necessity" to Matthew, its judgment against Leon is proper under a constructive contract theory.

> "[C]onstructive or quasi contracts, are not contracts in the true sense. They rest on a legal fiction imposed by law without regard to assent of the parties. They arise from reason, law, and natural equity, and are clothed with the semblance of contract for the purpose of remedy...."

*Dyer, supra* at 264.

 Bowen correctly points out that under certain circumstances the law will imply a promise by a parent to pay for necessaries furnished to his minor child. However, where a parent is ready and willing to make suitable provision for the child, he will not be liable for necessaries furnished by others without his consent. 67A CJS Parent & Child § 68. The law implies a promise to reimburse the provider of necessaries in order to encourage a neglectful parent to assume responsibility for the welfare of his child. *Id.* at n. 2. Because Leon was willing to provide for Matthew's care elsewhere, he is not guilty of the type of neglect which is required in order for a provider of necessaries to maintain an action for payment against a parent.

Because there is no theory of contract law upon which Bowen's recovery against Leon is proper, the judgment of the trial court must be reversed.

Reversed.

HOFFMAN, J., concurs.

GARRARD, J., concurs in result.