Lamar v. The Board of Commissioners of Pike County.

No. 450.

## LAMAR v. THE BOARD OF COMMISSIONERS OF PIKE COUNTY.

COUNTY.—*Prisoner in Jail.*—*Physician for.*—*Section 5764, R. S. 1881.*—*Partial Repeal of by Section 4993, R. S. 1881.*—Section 5764, R. S. 1881, which provides that it is the duty of the board of county commissioners to contract with one or more skilful physicians having knowledge of surgery to attend upon all prisoners confined in jail, or paupers in the county asylum, and that they may also contract with physicians to attend upon the poor generally in the county, and no claim of a physician or surgeon for such services shall be allowed by said board; except in pursuance of the terms of such contract, is repealed by section 4993, R. S. 1881, which went in force September 19th, 1881, in so far as it relates to the employment of physicians to attend upon all prisoners confined in jail. By the last named section an *ex officio* board of health is constituted, whose secretary shall be a physician, and it is made the duty of such secretary to "render such medical aid and surgical science as may be required by persons confined in the county jail," and such other medical services as the county commissioners may require.

SAME.—*Employment of Physician by Jailer.*—*Liability of County.*—Where a prisoner confined in the county jail became suddenly seized with a virulent and dangerous illness, and was in such a dangerous condition that delay for an hour would have been fatal and his life lost, and the secretary of the board of health lived at such a distance that his services could not be procured in less than four hours, the jailer, under section 4993, R. S. 1881, was authorized to employ a physician to attend the prisoner, and the county is liable for the expense so incurred.

From the Pike Circuit Court.

*F. D. Posey* and *D. Q. Chappell*, for appellant.

*E. A. Ely, S. G. Davenport* and *W. J. Thurman*, for appellee.

ROBINSON, C. J.—The appellant filed a claim before the Board of Commissioners of Pike county in the nature of an account for medical services rendered a prisoner in the county jail of said county. At a regular session of the board of commissioners of said county, the claim was rejected and disallowed, from which order, in rejecting and disallowing said claim, an appeal was taken to the Pike Circuit Court.

In the circuit court a demurrer was sustained to the claim as filed before the board of county commissioners, and the ruling on the demurrer was not excepted to. The appellant then filed an amended complaint, to which the appellee filed a demurrer, which was sustained, and exception saved. The appellant refusing to plead further, judgment was rendered on the demurrer. The appellant claims, under the assignment of error, that the court erred in sustaining the demurrer to the amended complaint. The amended complaint alleged, in substance, that on the 28th day of March, 1890, a person therein named was confined to the jail in Pike county, and under the custody of one Smith, who was at the time the agent of the appellee and the keeper of said jail; that the secretary of the board of health of said county resided twelve miles distant from said jail, and that, by the means of communication to reach said secretary of the board of health, it would have required four hours to have procured his presence at said jail; that, on the day aforesaid, said prisoner was suddenly seized with a violent illness, as therein alleged, which was of such a dangerous character that a delay for an hour would have resulted in the loss of the life of said prisoner; that by reason of the distance of the secretary of the board of health, as aforesaid, his attendance and service could not be had, when said Smith called upon the appellant, who lived near to said jail, and was a regular practicing physician, to treat said prisoner; and the appellant, under said employment, did so treat said prisoner as to relieve him of such dangerous sickness and save his life; that his services were reasonably worth the amount claimed therefor, which amount was due and remained unpaid, etc.

Counsel for the appellee contend that the amended complaint was bad under section 5764, R. S. 1881, which provides that it is the duty of the board of county commissioners to " contract with one or more skilful physicians, having knowledge of surgery, to attend upon all prisoners confined in jail, or paupers in the county asylum, and may also con-

tract with physicians to attend upon the poor generally in the county ; and no claim of a physician or surgeon, for such services, shall be allowed by such board except in pursuance of the terms of such contract : *Provided,* That this section shall not be so construed as to prevent the overseers of the poor, or any one of them, in townships not otherwise provided for, from employing such medical or surgical services as paupers within his or their jurisdiction may require." This statute went into force March 5th, 1859, and would seem to sustain the contention of the appellee, but, in so far as it relates to the employment of physicians to attend upon all prisoners confined in jail, was clearly repealed by section 4993, R. S. 1881, which went in force September 19th, 1881. That statute provides that " The trustees of each town, the mayor and common council of each incorporated city (except where a regular constituted board of health, by ordinance of such city, now exists or may hereafter be created), and the board of county commissioners of each county shall constitute a board of health, *ex officio,* for each of the several towns, cities, and counties respectively of the State, who shall perform such duties respectively required of them by this act without compensation.    They shall annually, in the month of January, complete their organization by the election of a secretary, who shall be a physician.    The secretary of such local boards of health, and the secretary of any regular constituted board of health of any incorporated city, shall be · the health officer of every town, city, or county, respectively, for the purposes provided in this act, and shall be allowed such compensation from the town, city, or county treasury, respectively, as the board electing them may determine : *Provided,* That the secretary of each county board of health shall render such medical and surgical services as may be required by persons confined in the county jail of such county, and such other medical services as may be required of him by the board of county commissioners."

Under this statute, it is made the duty of the secretary of each county board of health to render such medical and surgical services as may be required by persons confined in the county jail of such county, and for such services, with other medical services required of him by the board of county commissioners, he is to receive out of the county treasury such compensation as the board of commissioners electing him should determine upon.

The duty is, therefore, clearly imposed upon the secretary of such county board of health thus appointed to render the medical and surgical services required by prisoners in the county jail, for which he is to be compensated out of the county treasury, as determined upon by the board of county commissioners. There is no provision in the statute requiring such services to be rendered by any other person than the secretary of the county board of health, and it is not made the duty of the township trustee, as overseer of the poor, under sections 5764, 6066 and 6072, R. S. 1881, as claimed by the appellee, although the trustee may have been present when the emergency arose for the medical aid, to provide medical assistance to prisoners in the county jail. The statute only confers upon overseers of the poor, in certain cases, the power to employ medical or surgical services required by paupers within their jurisdiction. The claim for medical services, rendered in the case before us, does not come within the provisions of the statute relating to the employment of medical or surgical services for paupers; and, therefore, what may be done by overseers of the poor in their respective jurisdictions, in relation to the employment of medical and surgical services for paupers, does not, in any way, affect the validity of the appellant's claim.

But we must decide whether the amended complaint stated a cause of action against the appellee, under the allegations therein contained, under the duty imposed by section 4993, *supra.*

The case made by the amended complaint is a very strong

one.  It is shown that the prisoner confined in the county jail, for what cause is wholly immaterial, became suddenly seized with a virulent and dangerous illness; was smothering, and was in such a dangerous condition, that a delay for an hour would have been fatal, and his life been lost; that the secretary of the board of health resided and was then twelve miles distant from the jail; that there was no means of reaching him except by a wagon road, and that there was no other means of communicating with him, and that his attendance and service could not be procured in less than four hours; that said Smith, as the agent of the appellee and keeper of said jail, under the emergency thus existing, employed the appellant to treat said prisoner, and he did so treat him, and by the use of proper medicines and skill relieved said prisoner and saved his life.

As we have seen, it was the duty of the secretary of the board of health to render such medical and surgical skill as was required by said prisoner, and it is alleged his presence and attendance could not, by reason of his being so far distant from the jail, be procured in time to save the prisoner's life.  Under this emergency what was the duty of the jailer having the prisoner in charge? and what were the duty and liability of the county in such cases under the provisions of section 4993, *supra?*

Among the enumerated duties of the sheriff by section 5868, R. S. 1881, is that he shall take care of the jail and the prisoners therein, and by section 6118, R. S. 1881, it is provided that the sheriff of the county, by himself or deputy, shall keep the jail and shall be responsible for the manner in which the same is kept  *  *  and he shall provide proper meat, drink, and fuel for prisoners."

In the case before us it was the duty of Smith, the jailer in charge of the prisoner and acting for the sheriff, to summon a competent physician under the existing emergency to treat the prisoner, and thereby save his life, if such could be done.  It would have been inexcusable neglect on the part

of the jailer to have waited four hours to summon the secretary of the board of health, twelve miles distant, when the necessary medical aid could be obtained speedily and near at hand, and was essential to save the life of the prisoner.

The question, therefore, is where the appellee, in the appointment of a secretary of the board of health, had failed in such appointment to meet the emergency alleged in the amended complaint, and, by reason of the existing emergency, the jailer in charge of the prisoner employed the appellant, as is alleged, to save his life, was the appellee liable to the appellant for the medical services rendered, there being no demand for compensation beyond the actual and existing emergency? We can not believe that the law intended where a man was in jail, and in need of medical service under the emergency existing in this case, where the board of county commissioners had appointed a secretary of the board of health, whose duty it was in such cases to render such medical assistance, but whose residence was so remote from the county jail that he could not be procured in time to render the aid needed, that the prisoner should be left to suffer and perhaps die, and that the county would not be liable for the services thus rendered by a physician under the employment of the jailer having the prisoner in charge.

The decisions by the Supreme Court, in certain cases where the township trustee had employed a physician to treat the poor, sustain the view that we have taken of the liability of the appellee in the case before us. In *Board, etc.,* v. *Seaton,* 90 Ind. 158, it was held that the trustee might employ a physician in a case where the county physician lived so far distant from the sick person as to be unable to give the sick person the attention required. It was held in *Conner* v. *Board, etc.,* 57 Ind. 15, that, where the county physician abandoned his contract, the trustee might employ another physician. The decision in *Board, etc.,* v. *Ritter,* 90 Ind. 362, affirms that there are cases in which the township

trustee, as overseer of the poor, has authority to employ a physician, although one has been previously employed by the county. *Washburn* v. *Board, etc.*, 104 Ind. 321. We must, therefore, conclude that the amended complaint stated facts sufficient to constitute a cause of action against the appellee, and that the court erred in sustaining the demurrer thereto.

The cause is reversed, with instructions to overrule the demurrer to the amended complaint, and for further proceeding in accordance with this opinion, at the costs of the appellee.

Filed March 18, 1892.