MARION COUNTY DEPARTMENT OF
PUBLIC WELFARE, Appellant
(Defendant below),

v.

METHODIST HOSPITAL OF INDIANA,
INC., Appellee (Plaintiff below).

No. 2–1081A339.

Court of Appeals of Indiana,
Second District.

June 3, 1982.

Robert F. Gammon, Indianapolis, for appellant.

D. L. Hardamon, Dillon, Hardamon & Cohen, Frank E. Spencer, Indianapolis, for appellee.

SHIELDS, Judge.

On July 9, 1980, Willie J. Dixon was admitted to Methodist Hospital (Hospital) in Indianapolis for emergency medical treatment. Dixon, an indigent unable to pay for the care furnished, incurred medical costs valued at $1001.55. The Hospital notified the Marion County Department of Public Welfare (Department) that Dixon had been admitted for emergency care and, pursuant to the Hospital Commitment Act, I.C. 12–5–1–1—15–5–1–17 (Burns Code Ed., Repl. 1981) (now repealed),[1] demanded repayment for the services rendered. The Department denied the request for reimbursement and the Hospital initiated the present action.

The only issue addressed by the trial court was a question of law, *i.e.*, whether the Department, under stipulated facts, is financially responsible for emergency medi-

---

1. Effective January 1, 1982, I.C. 12–5–1–1—12–5 1 17 is repealed. Our legislature enacted I.C. 12–5–6–1 *et seq.* to replace I.C. 12–5–1–1 *et seq.*

cal care furnished an indigent. Both parties moved for summary judgment. Following a hearing, judgment was entered in favor of Hospital in the amount of $1001.55. The Department appeals. The sole issue presented for our review is

> whether the trial court erred as a matter of law when it held the Department is liable under the Hospital Commitment Act for the value of emergency medical services rendered by Hospital to an indigent.

■ According to I.C. 12–5–1–1,[2] all county welfare departments, except those in counties which maintain a health and hospital corporation under I.C. 16–12–21–1 et seq. (Burns Code Ed.), *shall* admit to a public hospital any indigent county resident "suffering from a disease, defect or deformity which may be benefited by treatment in such hospital." The term "shall" used in the statute is presumed to be used in its imperative and mandatory sense. *City of Indianapolis v. Ingram*, (1978) Ind.App., 377 N.E.2d 877. In those counties where a health and hospital corporation (HHC) exists pursuant to I.C. 16–12–21–1 et seq. the county welfare department *may* in its discretion make the commitment to a public hospital upon application by the indigent.

■ Marion County is the only county in the state which has an HHC under I.C. 16–12–21–1 et seq. The Marion County HHC is responsible for the operation of Wishard Hospital in Indianapolis. The HHC and Wishard Hospital are charged with the mandatory duty of providing medical care for indigent residents of the county. I.C. 16–12–21–28 states in pertinent part that the HHC:

> "(4) ... *shall* furnish medical care to the indigent within the county other than to those for whom such medical care is furnished by the department of public welfare under the laws of this State." (emphasis added)

Therefore, when an indigent resident of Marion County is in need of hospital care he shall be treated at a hospital operated by the HHC unless the Department exercises its discretion and agrees to reimburse a public hospital for the services rendered.[3]

In the present case, however, Dixon was not admitted to the hospital pursuant to an application made in advance with the Department as contemplated under I.C. 12–5–1–1. He was in need of emergency medical treatment. I.C. 12–5–1–15 is the relevant section of the Hospital Commitment Act governing the department of public welfare's financial responsibility for indigents

**2.** I.C. 12 5 1 1 provides in pertinent part:

"The county department of public welfare of each county in this state is hereby empowered to commit to any public hospital in the county ... any person having a legal residence in such county, who shall appear ... to be suffering from a disease, defect or deformity, which may be benefited by treatment in such hospital, Provided such person, or anyone chargeable under the law with the responsibility of furnishing medical, surgical or hospital care for such person is not financially able to defray the necessary expense of such medical, surgical and hospital care. Upon filing of an application by any person requesting the county department of public welfare to furnish medical, surgical or hospital care as provided for in this chapter the county department of public welfare shall investigate the financial resources of such applicant, or anyone chargeable under the law with the responsibility of furnishing medical, surgical or hospital care for such applicant; and if after such investigation, the county department of public welfare shall determine that such applicant, or anyone chargeable under the law with the responsibility of furnishing medical,

surgical and hospital care for such applicant, is financially unable to defray the necessary expense of such medical, surgical and hospital care, *the county department of public welfare, in those counties in which there is a health and hospital corporation created pursuant to IC 16–12–21–2 may, and in all other counties shall make such commitment as herein provided*: ...." (emphasis added)

**3.** The term "public hospital" is defined at I.C. 12–5–1–11:

"The term 'public hospitals' as herein designated, shall, for the purpose of this act 12–5–1–1—12–5–1–17] [,] be taken to mean county and city hospitals or hospitals which are not conducted for profit and which are open to the public without discrimination of race, color or religious belief. The term medical, surgical or hospital care shall include inpatient and outpatient service."

The parties have stipulated that Methodist Hospital is a "public hospital" within the meaning of the Hospital Commitment Act.

accorded emergency medical care at a public hospital. It provides:

"Whenever any person is admitted to any hospital operated by the trustees of Indiana University or to any other public hospital on an emergency basis with the expectation that the county department of public welfare shall be responsible for necessary charges and expenses, the hospital authorities shall notify promptly such county department of public welfare *who shall investigate immediately and determine the eligibility or ineligibility of such person for hospitalization at the expense of the county department of public welfare* and shall promptly notify the proper hospital authority of such determination. When any person is committed on an emergency basis subject to the later determination of eligibility, the necessary investigation, determination of eligibility or ineligibility, and notification of hospital authorities of such determination, shall be made promptly. *If ineligible, the hospital authorities shall make collection directly from the patient or persons responsible for him or from other resources available to him or from other responsible public authorities.* If the county department of public welfare has participated in the original emergency commitment subject to a later determination of eligibility, upon a determination of ineligibility, the liability of the county department of public welfare shall cease in any event, whenever such emergency is over and the patient can be moved from such hospital without injury as determined by medical authority." (emphasis supplied)

This section generally states when an indigent is admitted to a "public hospital" for emergency care the department of public welfare of the relevant county shall be promptly notified. This notification triggers the language of the statute mandating a prompt investigation and determination of eligibility of such person for hospitalization at the expense of the county department of public welfare.

The Department argues I.C. 12–5–1–1—12–5–1–17 must be read in its entirety. It alleges whether a patient is eligible for hospitalization at the expense of the county department of public welfare depends upon the standards established under I.C. 12–5–1–1. It claims because the Department is vested with broad discretion under that section in admitting indigents to public hospitals where application is made in advance, the same unfettered discretion may be exercised in deciding whether to reimburse public hospitals in emergency cases. According to the Department, the question is not whether the patient is eligible for hospitalization at public expense but whether the expense should be borne by the county department of public welfare as opposed to some other public agency. Toward this end the Department points out that upon a determination of ineligibility the hospital may make collection from other parties, including "other responsible public authorities."[4]

We find the Department's contention untenable. I.C. 12–5–1–15 states in clear and unequivocal language when a patient is admitted for emergency care with the expectation the department of public welfare will pay for services rendered, the department

"shall ... determine the eligibility ... of such person for hospitalization at the expense of the county department of public welfare ...."

Once a determination of eligibility is made, the department of public welfare is then directed to reimburse the public hospital for the medical care furnished. The duty here is not discretionary, but is a mandatory one. Assuming residency, the question in as-

**4.** The enactment of the Hospital Commitment Act and its subsequent amendments did not fully shift responsibility for indigent medical care from township trustees to county departments of public welfare. *Lutheran Hospital of Fort Wayne, Inc. v. Department of Public Welfare of Allen County*, (1979) Ind.App., 397 N.E.2d 638, 643–44. According to the Depart-

ment, the township trustee is the public body responsible in the present case for the care and treatment provided Dixon. This issue, however, is not specifically before us and we reserve all judgment as to what public entity, if any, would be liable if the Department were not.

certaining eligibility is not whether the department of public welfare in its discretion elects to pay for medical care, but, rather, whether the patient is financially able to defray the costs of hospital care. Eligibility presupposes a determination that one is qualified or worthy to be chosen. Whether a patient is qualified to have the costs of medical care furnished at public expense depends upon standards employed by the department of public welfare. In instances where the Department is requested to make a hospital commitment upon advance application, a decision whether to admit an eligible indigent to a public hospital is discretionary. However, in emergency situations the Department is not permitted to exercise such unbridled discretion. If the emergency patient is eligible for hospitalization at public expense, the Department is under a statutory duty to reimburse the public hospital for services provided.

In construing a statute, it is the duty of this court to give effect to the intention of the legislature. Where the meaning of a phrase is clear and unambiguous, the words used will be given their plain, ordinary, and unbridled meaning. *Trustees of Indiana University v. County Department of Public Welfare of Kosciusko County*, (1981) Ind.App., 426 N.E.2d 74. Here, the Department is explicitly directed to defray the costs of hospitalization when indigent patients are admitted to a public hospital for emergency care. We thus conclude the trial court did not err as a matter of law when it entered summary judgment in favor of the Hospital.[5]

Judgment affirmed.

MILLER, P. J., sitting by designation, and SULLIVAN, J., concur.

---

5. I.C. 12 5 1 15 was repealed by our legislature, effective January 1, 1982. The Marion County Department of Public Welfare's financial responsibility for emergency hospital admissions is now governed by I.C. 12–5–6–11 which provides:

"In any county in which there is a health and hospital corporation created under IC 16–12–21 2, the county department of public welfare of the county is responsible for the emergency medical care given in any hospital to any person who qualifies for assistance under this chapter; however, the hospital providing treatment shall transfer the patient to a hospital operated by the health and hospital corporation as soon as the attending physician determines that the patient's medical condition permits such a transfer without injury to the patient. If a hospital owned by the health and hospital corporation is unable to care for or otherwise treat a patient at the time a transfer is requested by the hospital initiating treatment, such hospital may continue to treat the patient until his discharge, and the costs of treatment shall be borne by the county department of public welfare of the county. The county department of public welfare of the county shall not be responsible for the payment of non-emergency medical costs except as stated above, nor shall the county department of public welfare of the county be responsible for the payment of any medical costs accrued at a hospital owned or operated by a health and hospital corporation."