**Vance HARTKE, Defendant-Appellant,**

v.

**MOORE–LANGEN PRINTING AND PUBLISHING CO., INC.,**
**Plaintiff-Appellee.**

**No. 4–1282A385A.**

Court of Appeals of Indiana,
Fourth District.

Feb. 9, 1984.

Judith T. Kirtland, Lewis, Bowman, St. Clair & Wagner, Indianapolis, for defendant-appellant.

Robert L. McLaughlin, Wooden, McLaughlin & Sterner, James F. Hillis, Dunbar & Hillis, Indianapolis, for plaintiff-appellee.

YOUNG, Judge.

Vance Hartke appeals a judgment requiring him to pay for printing done by Moore-Langen Printing and Publishing Co., Inc. during his campaign for reelection to the United States Senate.

He contends that the evidence was insufficient to support the judgment.

We affirm.

Hartke appointed Jacques LeRoy his campaign manager and formed a committee to receive and expend money in his bid to be reelected. LeRoy ordered Moore-Langen, an Indianapolis printing firm, to print campaign materials, the content and quality of which were subject to Hartke's approval. After the campaign, there were no funds in the committee to pay Moore-Langen's bill, and they sued both Hartke and the committee for payment. The trial judge gave a money judgment against both in the sum of $8,235.68, the amount of Moore-Langen's bill. Hartke appeals.

The trial court correctly determined that Hartke was liable to Moore-Langen in quasi-contract and under the principles of agency.

The test for determining an agency relationship is set forth in *Lewis v. Davis*, (1980) Ind.App., 410 N.E.2d 1363, 1366:

An agency relationship is one which results from a "manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." *Department of Treasury v. Ice Service* (1942), 220 Ind. 64, 41 N.E.2d 201, 203. It arises from the consent of the parties, out of a contractual agreement between the parties. It is not necessary that the contract or the authority of the agent to act be in writing. *Department of Treasury, supra.* It is necessary that the agent be subject to the control of the principal with respect to the details of the work. *Western Adjust. & Insp. Co. v. Gross Income Tax Div.* (1957), 236 Ind. 639, 142 N.E.2d 630.

The evidence here showed Hartke and LeRoy agreed that LeRoy would act on Hartke's behalf in Hartke's campaign. The evidence also showed LeRoy and the committee were subject to Hartke's control

in their work. Hartke approved all proofs submitted by Moore-Langen; he exercised veto power over what was used; he allocated the expenditure of campaign funds. Further, Moore-Langen's president testified that LeRoy identified himself as Hartke's agent and requested that Moore-Langen deal exclusively with him. This evidence was sufficient to support the trial judge's conclusion that LeRoy was Hartke's agent and that Moore-Langen reasonably believed Hartke would be bound by LeRoy's agreement to pay. *See Stuteville v. Downing,* (1979) 181 Ind.App. 197, 391 N.E.2d 629.

The evidence was also sufficient to support the trial judge's finding that Hartke was liable under the principles of quasi-contract. A quasi-contract does not arise from the parties' express agreement, but is implied by law in order to remedy the wrongful enrichment of one party at the expense of another. *Dyer Construction Co. v. Ellas Construction Co.,* (1972) 153 Ind.App. 304, 287 N.E.2d 262. The evidence here showed Hartke approved and accepted all the printing work done by Moore-Langen on his behalf. Further, there was testimony that Hartke ordered a large portion of the committee's funds spent on last-minute television and radio commercials, leaving insufficient funds to pay Moore-Langen. On these facts, the trial court properly found a contract implied in law was necessary to prevent Hartke from being unjustly enriched at Moore-Langen's expense.

Affirmed.

CONOVER, P.J., and MILLER, J., concur.